LEMMON, Judge
(concurring).
Plaintiffs are essentially attempting to assert two causes of action, one for redhi-bition and one for wrongful death. I agree that the claim for any damages recoverable in a wrongful death action is clearly prescribed.
Plaintiffs, however, also seek recovery of the purchase price under the redhibition articles.[1] The issue of prescription as to the claim in redhibition is not so clear and simple.
An action to avoid a sale on account of defects in the thing sold must be instituted within one year from the date of the sale. C.C. art. 2534. But when the seller had knowledge of the defect and neglected to declare it, this limitation does not apply, and the action may be commenced at any time within one year of the discovery of the defect. C.C. art. 2546.
If the automobile in fact contained a redhibitory defect (which existed at the time of sale), a cause of action for redhi-bition existed in favor of the buyer. When Melvin Doughty died, this cause of action constituted an asset in his succession.[2] Therefore, plaintiffs’ action in redhibition should not be dismissed on the basis that these plaintiffs lacked privity of contract with these defendants. The *204 true issue in my opinion is whether these plaintiffs asserted their cause of action for redhibition before prescription tolled.
In this regard it is necessary to first determine when prescription started to run.
Plaintiffs contend the prescriptive period did not commence until they discovered the defect upon receipt of the “campaign” letter. Since this suit was filed within a year thereafter, they insist this suit timely interrupted prescription as to General Motors.
In my opinion the defect in this automobile, if one existed, manifested itself at the time of the accident. If a defect was the cause of Doughty’s losing control, as alleged, then he (the buyer) discovered the defect at that time.
Perhaps Doughty or the successors to his cause of action could have filed a timely suit for redhibition within a year of the accident, even though the accident occurred more than one year from the date of the sale. But no timely suit could be filed more than a year after the defect manifested itself. The purpose of C.C. art. 2546 is to prevent a defect-concealing seller from pleading prescription in cases where the known defect does not appear within one year of the sale; the article is not designed to keep open the cause of action forever, even years after the defect has manifested itself.
I am cognizant that C.C. art. 2546 provides that discovery is not presumed, but must be proved by the seller. I believe this provision inapplicable to the present situation where the alleged defect appeared, the thing .sold was destroyed, and the alleged defect was never again discoverable.
Another problem with plaintiffs’ theory is that their receipt of the letter did not constitute an event which would commence the running of prescription. Indeed, if the time of plaintiffs’ discovery is significant, they have not yet truly discovered a defect. The “campaign” letter, which is inadmissible to prove the existence of a defect in that particular automobile, [Landry v. Adam, 282 So.2d 590 (La.App. 4th Cir. 1973)], only informed plaintiffs that some 1967 Chevrolets contained defects which under certain conditions might cause accidents.
Any cause of action for redhibition against the manufacturer, based on presumed knowledge of a defect and failure to declare it, has long since prescribed.
As to the seller, any cause of action for redhibition against Faucheaux, who had neither actual nor constructive knowledge of a defect at the time of sale, is clearly prescribed under C.C. art. 2534.

. They also seek damages under C.C. art. 2545, contending the manufacturer had presumptive knowledge of the defect and failed to declare it,
I pretermit discussion as to whether the damages sought are collectible in a redhibition action.

. Plaintiffs alleged sufficient facts to show that they inherited this cause of action, although there was no evidence of any succession proceedings.